By the court :
The questions presented in this case are *634 to be determined by a construction of sections 45 and 48 of the administration act. S. &. C. 574,5.
By section 45 it is made the duty of the appraisers to set-off and allow to the widow “ sufficient provisions or other property to support” her twelve months from the death of the decedent.
By section 48, the court “ may, on petition of the widow, or other person interested, review the allowance made to the widow, * * * and increase or diminish the same, and make such order in the premises as they shall deem right and proper,”
These sections of the statute fully empowered the probate court to review and increase the allowance made for the widow’s year’s support, if the action was invoked by a party authorized by the statute to do so, and such action could' be had after the death of the widow.
As to the time within which the petition for review may be filed, the statute does not expressly fix any limitation: and there is none implied, unless from the nature of the proceeding. If the review is to be had “ on petition of the widow,” the petition must, of course, be filed before her death. But if the review be had on petition of a “ person interested” other than the widow, there would seem to be no reason why such petition might not be filed after her death, unless her death puts an end to the right to review the allowance.
In Bane v. Wick, 14 Ohio St. 505, it was held “that where the appraisers neglected to set-off and allow to such widow her year’s support, as required by the statute, and she, after the expiration of the year, dies, without having waived or relinquished her right to such allowance, the same survived to her personal representative.”
If, in such case, the right to have the allowance made, survives the widow, the right to have an insufficient allowance made sufficient must be held to survive her.
Whether the widow’s administrator would or would not be the most proper party to petition for an increase of the allowance, need not be decided. The question, on this point, in this case is, whether it was error in theprobate court to in *635 crease the allowance and order the same to be paid to the widow’s administrator, on petition of a person interested as a creditor of her estate, for services and expenses in supporting and taking care of her during the year, and until her death? We are of opinion that such creditor was a “ person interested” in the review of the allowance made to the widow, within the meaning of the statute.
Whether, if no allowance had been made to the widow in her life time, her personal representative could enforce her right to an allowance by a proceeding in the probate court, we are not called upon to determine. But as an insufficient allowance had been made to her before her death, we think the probate court had authority, under the statute, to increase the allowance.
No question is presented as to what effect such increase of the allowance should or should not have, upon what had been done, in other respects, in the course of the administration of David T. Sherman’s estate. Motion overruled.